# JOHN BRUCE MORRISSEY v. STATE.

174 N. W. (2d) 131.

January 16, 1970—No. 41547.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant* and *Roberta K. Levy,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Theodore Rix,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the district court dismissing a petition for postconviction relief. Petitioner contends that he is entitled to a hearing pursuant to the Postconviction Remedy Act, L. 1967, c. 336, Minn. St. c. 590, notwithstanding the fact that his petition was filed subsequent to his discharge from custody. He states this to be the issue involved:

"Is one convicted of a serious crime, who has been unconditionally and fully discharged from his sentence for that crime, entitled to a hearing pursuant to the provisions of Minn. Stat. 590.01 et seq. when his petition is filed subsequent to the discharge?"

From the record it appears that petitioner, John B. Morrissey, was charged by information on May 13, 1959, with third-degree burglary contrary to Minn. St. 1961, § 621.10. He pleaded not guilty and was tried and convicted by a jury. He was sentenced from 0 to 5 years to the Youth Conservation Commission at St. Cloud on June 4, 1959. While on parole, he was convicted of unlawful possession of narcotics, and on March 28, 1962, he was sentenced from 0 to 20 years to run consecutively with the prior sentence. On May 25, 1962, petitioner was unconditionally discharged from his June 4, 1959, sentence. On May 2, 1968, he filed a petition for postconviction relief alleging, among other grounds, that the evidence used against him at the burglary trial was secured by an unlawful search. The trial court felt that since petitioner was not in custody under the June 4, 1959, sentence and had been unconditionally discharged from that sentence, he was not entitled to a hearing.

■ Petitioner's claim that the trial court was in error is supported by Carafas v. LaVallee, 391 U. S. 234, 88 S. Ct. 1556, 20 L. ed. (2d) 554, which holds that, even though a defendant's sentence has expired and he has been completely discharged from his parole status, he may nevertheless seek to have his conviction expunged from the record for the reason that—

"* * * [i]n consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; * * * he cannot serve as a juror. Because of these 'disabilities or burdens [which] may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' " 391 U. S. 237, 88 S. Ct. 1559, 20 L. ed. (2d) 558.

We agree with petitioner that, even though his civil rights may have been restored by Minn. St. 609.165, the consequent disabilities flowing from the stigma of conviction remain. These disabilities, which are real and substantial, may seriously prejudice a wrongfully convicted person in both his social and business life and, among other things, may expose him to impeachment of his credibility should he be a witness in the trial of any action. Minn. St. 595.07; Sibron v. New York, 392 U. S. 40, 88 S. Ct. 1889, 20 L. ed. (2d) 917.

We accordingly remand to the district court so that petitioner may have an opportunity to present a petition setting forth allegations of sufficient substance to justify the granting of a full evidentiary hearing.

■ The broad and generalized assertions contained in the petition before us prompt the observation that postconviction procedures under Minn. St. 590.01, which evolved from Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837; Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; and Sanders v. United States, 373 U. S. 1, 83 S. Ct. 1068, 10 L. ed. (2d) 148, do not comprehend that a petitioner may have a full evidentiary hearing on the basis of bald assertions of denial of constitutional rights. A petitioner may not subject the judicial process to an exploratory investigation in the hope that some fortuitous reason may be discovered for expunging a conviction from the record. State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847; Thompson v. State, 284 Minn. 274, 170 N. W. (2d) 101. The trial court still has the discretion "to ascertain whether the claim is

substantial before granting a full evidentiary hearing." Sanders v. United States, 373 U. S. 1, 21, 83 S. Ct. 1068, 1080, 10 L. ed. (2d) 148, 164; Townsend v. Sain, *supra;* State ex rel. Roy v. Tahash, 277 Minn. 238, 152 N. W. (2d) 301. Under the circumstances here where the petition is brought 9 years after the conviction, it would not seem unreasonable for the trial court to require that it be supported by petitioner's affidavit setting forth the essential facts which gave rise to the alleged denial of a constitutional right.

Reversed and remanded to the district court.