**STATE of Minnesota, Respondent,**

v.

**Pablo MONTANO, Petitioner.**

**No. C2–89–352.**

Court of Appeals of Minnesota.

April 4, 1989.

NIERENGARTEN and KALITOWSKI, JJ., without oral argument.

## SPECIAL TERM OPINION
WOZNIAK, Chief Judge.

### FACTS
Petitioner Pablo Montano seeks discretionary review of the trial court's order denying his challenge to the constitutionality of the Minnesota prostitution laws, Minn.Stat. §§ 609.321–.324 (1988). Montano contends these statutes are a substantially overbroad intrusion into freedom of expression. Montano is a temporary resident who is charged with engaging in prostitution. Montano claims he would be in danger of deportation if convicted of that crime, even if his direct appeal were still pending. The trial court denied the motion to dismiss, and stayed further proceedings pending a decision on this petition.

### DECISION
■ A defendant may seek review of pretrial orders by petition for discretionary review. Minn.R.Crim.P. 28.02, subd. 3. This court may grant review of such nonappealable orders "in the interests of justice." *Id.* However, it is the responsibility of the party seeking discretionary review to submit a record adequate for determining whether review should be granted. *State v. Jordan,* 426 N.W.2d 495, 497 (Minn.Ct. App.1988).

In addition to the sentence stayed or imposed, criminal convictions have collateral consequences whose significance has long been recognized. *See, e.g., State ex rel. Doe v. Madonna,* 295 N.W.2d 356, 360 (Minn.1980) (collateral consequences presumed in criminal case); *Morrissey v. State,* 286 Minn. 14, 16, 174 N.W.2d 131, 133 (1970) (convicted person could bring postconviction petition challenging conviction even though sentence was served and his civil rights restored). Some consequences may ensue upon the return of a jury verdict of guilty, even before a defendant's right to appeal can be exercised. *See* Minn.Stat. § 201.014, subd. 2(a) (1988) (individual "[c]onvicted" of a felony is not

Hubert H. Humphrey, III, Atty. Gen., Edward P. Starr, St. Paul City Atty., and Arthur Nelson, Asst. City Atty., St. Paul, for respondent.

Arthur R. Martinez, Neighborhood Justice Center, St. Paul, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and

eligible to vote); Minn.Stat. § 609.42, subd. 2 (1988) (public officer "convicted" of bribery must forfeit office); Minn.Stat. § 609.02, subd. 5 (1988) (defining "conviction" as a verdict or plea of guilty). However, a defendant seeking discretionary review must show that collateral consequences can be imposed before the appeal process has been completed. *See Madonna,* 295 N.W.2d at 360 (appellants challenging prehearing commitment procedures had to show actual evidence of collateral consequences to escape mootness doctrine).

Montano contends he is subject to deportation, or other action by the Immigration and Naturalization Service (INS), if found guilty of a crime of "moral turpitude." 8 U.S.C.A. § 1251(a)(4)(1988). However, our review of immigration law indicates the INS may not consider a conviction, for purposes of deportation, until it is "final." *Morales–Alvarado v. Immigration & Naturalization Service,* 655 F.2d 172, 174 (9th Cir.1981) (citation omitted). The determination of finality is not a matter of state law, but a question of federal immigration law. *Id.* Under federal immigration law, a conviction is not considered final until all procedures for direct appeal have been exhausted. *Id.* at 175; *Aquilera–Enriquez v. Immigration & Naturalization Service,*

516 F.2d 565, 570 (6th Cir.1975), *cert. denied* 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). Montano has not shown a compelling reason for granting pre-trial discretionary review.

We note also that an appellate court will declare a statute unconstitutional only "when absolutely necessary, and then with extreme caution." *Wegan v. Village of Lexington,* 309 N.W.2d 273, 279 (Minn. 1981) (citation omitted). The petition failed to specify what portion of the prostitution statutes is subject to constitutional challenge, and we express no opinion on the merits of the claim. However, in general, pre-trial appellate review of constitutional challenges is undesirable, because further proceedings may render decision unnecessary. *See, e.g., State v. Hoyt,* 304 N.W.2d 884, 888 (Minn.1981) (reversal of trespass conviction on other grounds made it unnecessary to decide constitutional challenge).

Petition for discretionary review denied.