**Michele SYKES, Appellant,**

v.

**CITY OF ROCHESTER, Respondent.**

Nos. A09–1696, A09–1697.

Court of Appeals of Minnesota.

Aug. 3, 2010.

Michele Sykes, Rochester, MN, pro se appellant.

Pamela L. VanderWiel, Daniel P. Kurtz, Eagan, MN, for respondent.

Considered and decided by SCHELLHAS, Presiding Judge; STONEBURNER, Judge; and CONNOLLY, Judge.

## OPINION

SCHELLHAS, Judge.

These consolidated appeals arise out of the district court's dismissals of pro se appellant's special-assessment appeals as untimely. Appellant challenges the dismissals on the bases that respondent did not properly notify her of the special-assessment hearings before the city council, and that she timely served and filed her appeals in the district court. Because we conclude that respondent did not provide appellant proper notice of the special-assessment hearings and that the proposed assessments therefore were never adopted, we reverse and set aside the purported assessments subject to reassessment under Minn.Stat. § 429.071, subd. 2 (2008).

## FACTS

Appellant Michele Sykes is the owner of property located at 5021 19½ Avenue Northwest, legally described as Cimarron 14th, Lot 12, Block 3, in Rochester. On June 11, 2008, respondent City of Rochester billed appellant $75.25 for mowing tall grass and eradicating weeds from her yard; and, on August 8, 2008, the city billed appellant $315 for the removal of debris from her yard, both pursuant to city ordinance. Appellant did not pay either bill.

On October 23, 2008, the city sent notices to appellant, purporting to notify her that at a November 17, 2008 meeting, the city council would consider imposing special assessments on appellant's property for the unpaid bills. Appellant did not attend the meeting on November 17, but

she delivered written objections to the assessments to the city council. At the meeting, the city council continued both assessment matters to December 1, 2008. At the December 1 meeting, the city council purported to adopt a special assessment against appellant's property in the amount of $76.26 ($75.25 plus interest) for mowing the tall grass. The city council continued the debris-removal matter to the December 15, 2008 meeting. At the December 15 meeting, the city council purported to adopt a special assessment against appellant's property in the amount of $319.23 ($315.00 plus interest) for the debris removal.

On December 31, 2008, appellant mailed a notice of appeal of the mowing assessment to the city clerk. Appellant claims that a friend also personally served the notice of appeal on the city clerk on December 31, but appellant has provided no evidence of this service. Appellant also claims that she filed the mowing-assessment notice of appeal in district court on Friday, January 9, 2009. Indeed, on that date, appellant signed an affidavit of service by mail before a court clerk, but the district court's register of actions reflects that the mowing-assessment notice of appeal with the affidavit of service attached was filed on Monday, January 12, 2009.[1]

The city clerk has not acknowledged that she the received notice of appeal that appellant claims she mailed on December 31, but she has acknowledged that, on January 13, 2009, she received from appellant by mail a "Petition for Review of City Council Decision" related to the mowing assessment.

On January 14, 2009, appellant mailed the city clerk a notice of appeal of the debris-removal assessment. The city clerk received the notice of appeal on January 15, 2009. Appellant filed the notice of appeal with the district court on January 23, 2009.

The city moved for summary judgment in both assessment appeals, arguing that appellant did not timely serve either notice of appeal, and that appellant did not timely file the mowing-assessment notice of appeal. Appellant responded that she timely served the notices of appeal by mail and, additionally, that a friend timely personally served the mowing-assessment notice of appeal, that she timely filed the notices of appeal, and that her friend was present and would testify about the personal service. Appellant also argued that the city did not properly notify her of the assessment hearings. Without addressing appellant's argument that the city did not properly notify her of the assessment hearings, the district court granted the city's motions and dismissed both of appellant's assessment appeals. The district court reasoned that appellant did not timely serve the debris-assessment notice of appeal, and that even if appellant's friend did timely serve the mowing-assessment notice of appeal, appellant did not timely file it in district court. These consolidated appeals follow.

## ISSUES

I. Did the city give appellant proper notice of the assessment hearings?

II. Did appellant timely serve and file her notices of appeal?

## ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to in-

---

**1.** Neither the notice of appeal nor the attached affidavit of service by mail bears the district court's file stamp.

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, we review de novo whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 77 (Minn.2002).

I

Appellant first argues that the city did not provide her proper notice of the initial special-assessment hearing before the city council on November 17, 2008. Although the district court did not address this issue, we address it because its resolution is necessary to our determination of the timeliness of appellant's appeal to district court.

■■■ "Proper notice of assessment proceedings is a jurisdictional prerequisite to any action" by a city council. *Klapmeier v. Town of Center of Crow Wing County*, 346 N.W.2d 133, 136 (Minn.1984). "There must be strict compliance with the statutory notice provisions"; failure to strictly comply leaves the council without jurisdiction to adopt the assessment. *Id.* Notice that a city council will consider levying a special assessment must be published in the newspaper at least once, and must be "mailed to the owner of each parcel described in the assessment roll." Minn.Stat. § 429.061, subd. 1 (2008). "Such publication and mailing shall be no less than two weeks prior to such meeting of the council." *Id.*

Such notice shall state the date, time, and place of such meeting, the general nature of the improvement, the area proposed to be assessed, the total amount of the proposed assessment, that

the proposed assessment roll is on the file with the clerk, and that written or oral objections thereto by any property owner will be considered.

*Id.* The notice must also state the property owner's rights and responsibilities with respect to appeal and the existence of any deferment procedures, and "must state in clear language the following information":

(1) the amount to be specially assessed against that particular lot, piece, or parcel of land;

(2) adoption by the council of the proposed assessment may be taken at the hearing;

(3) the right of the property owner to prepay the entire assessment and the person to whom prepayment must be made;

(4) whether partial prepayment of the assessment has been authorized by ordinance;

(5) the time within which prepayment may be made without the assessment of interest; and

(6) the rate of interest to be accrued if the assessment is not prepaid within the required time period.

*Id.*

■■■ Here, the city clerk mailed notices of the November 17, 2008 hearing to appellant on October 23, 2008. Both notices included a "Local Improvement Property List," which is a list of the owners, addresses, legal descriptions, and property identification numbers of affected properties, with the amounts of the proposed assessments and corresponding invoice numbers from the unpaid bills. Both notices also included a "Notice of Hearing on Proposed Assessments," which gives the date, time and place of the meeting, the general nature of the improvement giving rise to the assessment, a list of affected

properties' legal descriptions, and some of the other information required by statute.

The Local Improvement Property List sent to appellant regarding the mowing assessment does not include her name, property, or the amount of the assessment, though it includes 34 pages of other properties apparently not owned by appellant. The Notice of Hearing on Proposed Assessments includes the legal description of appellant's property, but lacks at least four pieces of statutorily required information: the amount of the special assessment proposed to be levied against appellant's property, the rate of interest that will be charged if the assessment is not prepaid within the required time period, what that required time period is, and the person to whom prepayment must be made. Instead, the notice merely states that after the hearing is held by the city council, the "owner will be sent a separate billing stating the amount that may be paid, the current interest charged and the date that the assessment may be prepaid without any further interest." The statement that additional information will be sent regarding interest and prepayment in the future, *after the assessment has already been adopted*, does not strictly comply with the terms of section 429.061, subdivision 1, requiring that property owners be provided with this information at least two weeks prior to the assessment hearing. The city council therefore lacked jurisdiction to levy the mowing assessment against appellant's property.

■ Similarly, the debris-removal-assessment notice is deficient. The Local Improvement Property List includes appellant's name, property description, and the amount of the proposed assessment, but the legal description of her property and the amount to be assessed are absent from the Notice of Hearing on Proposed Assessments itself. Like the mowing-as-

sessment notice, the debris-removal-assessment notice also lacks the applicable interest rate, the time within which prepayment may be made without interest accruing, and the person to whom prepayment must be made. The city's failure to strictly comply with the statutory notice requirements divested the city council of jurisdiction to levy the debris-removal assessment on appellant's property.

Appellant also argues that the city did not properly notify her of the continuances of her hearings. Notice that a special-assessment hearing has been adjourned and continued to a later meeting is "adequate if the minutes of the meeting so adjourned show the *time and place* when and where the hearing is to be continued." Minn.Stat. § 429.061, subd. 2 (2008) (emphasis added). In this case, the minutes reflect the *dates* of the meetings to which the hearings were continued but not the *times and places.* But because of our conclusion that the city did not properly notify appellant of her initial hearings, we need not decide whether the city's notice of the continuances was sufficient. We likewise need not reach appellant's argument that the city failed to give her an opportunity to respond to certain evidence it considered.

II

■ Without addressing the above issues, the district court simply concluded that appellant did not serve or file her appeals to the district court within the applicable limitations periods, divesting the district court of jurisdiction. But because the assessments were not actually adopted, the limitations periods for the appeals to district court never began to run, and the appeals were not untimely.

Minnesota law provides:

Within 30 days after the adoption of the assessment, any person aggrieved

... may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the court administrator of the district court within ten days after its service.

Minn.Stat. § 429.081 (2008).

Appellant argues that because this action was an appeal, the Minnesota Rules of Civil Appellate Procedure should apply, which allow for service by mail, without a receipt, effective on the date of mailing. *See* Minn. R. Civ.App. P. 125.03. But these rules apply only to "procedure in the Supreme Court and the Court of Appeals of Minnesota." Minn. R. Civ.App. P. 101.01. The rules of civil appellate procedure do not apply to special-assessment appeals to district court. Instead, a notice of appeal challenging a special assessment is "civil process" that initiates a civil action, subject to the rules for service of process in the Minnesota Rules of Civil Procedure. *See Andrusick v. City of Apple Valley*, 258 N.W.2d 766, 768 (Minn. 1977) (holding that because special-assessment notice of appeal is "civil process," statute barring service of civil process on legal holiday applies); *Nieszner v. St. Paul Sch. Dist. No. 625*, 643 N.W.2d 645, 650 (Minn.App.2002) ("[W]hen a statute does not specify how a summons should be served to commence an action, the rules of civil procedure apply."). But in contrast to typical civil cases, if a municipality has actual notice of a special-assessment appeal within the limitations period, the district court may hear the case notwithstanding service that would normally be ineffective. *Vernco, Inc. v. Twp. of Manyaska*, 290 N.W.2d 443, 444 (Minn.1980).

But whether appellant timely served and filed her notices of appeal in a manner consistent with the rules of civil procedure is irrelevant because the limitations period for an appeal to district court from a spe-

cial assessment expires "30 days *after the adoption of the assessment.*" Minn.Stat. § 429.081 (emphasis added). Here, as discussed above, the city council lacked jurisdiction to adopt the assessments because it did not strictly comply with the statutory notice requirements. Because the assessments were never adopted, the 30–day limitations period never began to run. *See Shortridge v. Daubney*, 425 N.W.2d 840, 841–42 (Minn.1988) (holding challenge to special assessment based on lack of compliance with statutory notice requirements barred after four years by doctrine of laches, rather than by 30–day statutory limitations period). Therefore, although the city received actual notice of the appeals more than 30 days after the purported adoption of the assessments, the district court was not precluded from addressing the appeals.

■ Minnesota law also requires that a special-assessment notice of appeal be filed with the district court within ten days after its service. Minn.Stat. § 429.081. Here, we have concluded that for the mowing assessment, the city received actual notice of the appeal, establishing effective service, on January 13, 2009, and the city received actual notice of the debris-removal appeal on January 15, 2009. Appellant filed both notices of appeal with the district court prior to the filing deadline. We therefore conclude that appellant satisfied the statutory filing requirement.

## DECISION

Because the city did not strictly comply with the requirements for notifying appellant of her special-assessment hearings, the city council lacked jurisdiction to adopt the assessments. Because the assessments were never adopted, the 30–day limitations period for service of appellant's notices of appeal never began to run. The district court therefore erred by granting summary judgment to the city and dis-

missing appellant's appeals on the basis that appellant's notices were not timely served and filed.

In evaluating a special-assessment appeal, "[t]he court shall either affirm the assessment or set it aside and order a reassessment as provided in section 429.071." *Id.* Based on our conclusion that the city failed to properly notify appellant of the assessment hearings and that the assessments were therefore not adopted, we set aside the purported assessments, subject to reassessment by the city under section 429.071, subdivision 2.

**Reversed.**