# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3385

_____

DRB #24, LLC, a Minnesota Limited Liability Company on behalf of itself, and all those real property owners similarly situated in the City of Minneapolis; 701 Newton Avenue North, Minneapolis, Minnesota, on behalf of itself, and all those similarly situated real properties located in the City of Minneapolis, Minnesota

*Plaintiffs - Appellants*

v.

City of Minneapolis, a Municipal Corporation

*Defendant - Appellee*

John Doe; Mary Roe

*Defendant*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 9, 2014
Filed: December 23, 2014

_____

Before RILEY, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

RILEY, Chief Judge.

DRB #24, LLC and 701 Newton Avenue North, Minneapolis, Minnesota (collectively DRB), brought suit challenging the City of Minneapolis's (city) vacant building registration fee. The district court,[1] granting summary judgment in the city's favor, determined the city had given DRB proper notice of its intent to assess the fee, and DRB waived any objections to the fee because it did not raise them within thirty days after the fee was levied, as required by Minnesota law. We now affirm.[2]

## I. BACKGROUND

The city imposes an annual vacant building registration fee on owners of vacant buildings "to recover all costs incurred by the city for monitoring and regulating vacant buildings, including nuisance abatement, enforcement and administrative costs." Minneapolis Code of Ordinances (M.C.O.) § 249.80(j)(1). If unpaid, the city can levy and collect the fee as a special assessment against the property pursuant to the procedures in M.C.O. § 227.100. See id. § 249.80(j)(3).

DRB owns a vacant building in Minneapolis and for several years has failed to pay the vacant building registration fee. On June 16, 2011, DRB received notice the city intended to assess $6,550 for DRB's unpaid 2010 fee. After a hearing attended by DRB, an administrative hearing officer levied the fee. This process repeated in 2012—DRB received notice on April 20 of the city's intent to assess $6,746 for its unpaid 2011 fee and, after an administrative hearing, the fee was levied May 31, 2012. DRB did not appeal the assessment of either fee, but instead brought a separate suit in state court—on behalf of itself and similarly situated landowners—arguing the fees violated Minnesota statutory law, Minnesota common law, and the United States and Minnesota Constitutions. The city removed the case

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota adopting the report and recommendation of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

[2]We have appellate jurisdiction under 28 U.S.C. § 1291.

to the District of Minnesota asserting jurisdiction under 28 U.S.C. §§ 1331 and 1367(a).

On cross motions for summary judgment, the magistrate judge recommended granting judgment in favor of the city, concluding the city had provided DRB with proper notice of the assessments and DRB did not bring its challenges to the assessments within the statutory thirty-day appeal period. The district court, adopting this recommendation, granted summary judgment in the city's favor.

## II. DISCUSSION

We review the district court's summary judgment rulings de novo. See Stein v. Chase Home Fin., LLC, 662 F.3d 976, 979 (8th Cir. 2011). This case involves the interpretation of state statutes and city ordinances, which we read for their plain and ordinary meanings in the context used. See Am. Fam. Ins. Grp. v. Schroedl, 616 N.W.2d 273, 277 (Minn. 2000).

Minn. Stat. § 429.081 provides: "Within 30 days after the adoption of the assessment, any person aggrieved . . . may appeal to the district court . . . . All objections to the assessment shall be deemed waived unless presented on such appeal. This section provides the exclusive method of appeal from a special assessment levied pursuant to this chapter." DRB does not contest the application of this thirty-day deadline to its statutory claims and has stipulated that it did not appeal its case in accordance with § 429.081. The critical issue on appeal is whether the city had jurisdiction to levy the fees.

### A. City's Jurisdiction

Under Minnesota law, a municipality lacks jurisdiction to levy a special assessment unless it gives proper notice. See Klapmeier v. Town of Ctr. of Crow Wing Cnty., 346 N.W.2d 133, 136 (Minn. 1984) ("Proper notice of assessment proceedings is a jurisdictional prerequisite to any action by the town board."). DRB

-3-

contends the notice it received from the city was defective and, as such, the thirty-day appeal period in § 429.081 never began to run. See, e.g., Sykes v. City of Rochester, 787 N.W.2d 192, 197 (Minn. Ct. App. 2010).

As a threshold matter, we must determine whether the notice provisions of Minn. Stat. § 429.061, subdiv. 1 or M.C.O. § 227.100(d) govern the city's assessment. Although DRB claims the state statute must govern because it preempts the city ordinance, the Minnesota state legislature explicitly gave Minneapolis the option either to enact special assessments under its charter or apply the assessment procedures outlined in Chapter 429 of the Minnesota Statutes. See 1969 Minn. Laws, ch. 499, sec. 1.[3] The legislature stated, "The procedure for the levy of said special assessment shall, *if the city elects to proceed under the provisions of said Chapter 429*, be as provided in said Chapter 429." Id. sec. 2 (emphasis added). This language unambiguously shows the notice procedures outlined in § 429.061 only apply in the absence of Minneapolis charter law, meaning there is no overlap to trigger conflict preemption. See Curiskis v. City of Minneapolis, 729 N.W.2d 655, 658 (Minn. Ct. App. 2007); Gadey v. City of Minneapolis, 517 N.W.2d 344, 348 (Minn. Ct. App. 1994). The notice requirements in M.C.O. § 227.100 govern this case.

DRB claims the city's notice was inadequate under M.C.O. § 227.100 because it did not disclose the basis for the fee or the existence of deferment procedures. We disagree.

---

[3]This provision is a session law that was never incorporated into the Minnesota statutory code. Regardless, it remains binding law. See Granville v. Minneapolis Pub. Sch., Special Sch. Dist. No. 1, 732 N.W.2d 201, 208 (Minn. 2007) ("The actual laws of Minnesota as passed by the legislature are contained in the session laws." (quotation and internal marks omitted)).

## 1.     Fee Basis

The city's notice of its intent to assess the fee must disclose the "amount and basis for the costs." M.C.O. § 227.100(d). The 2011 Notice of Intent to Assess specified: "VACANT BUILDING REGISTRATION FEE Total cost is: $6,550.00" and the 2012 Notice declared: "VACANT BUILDING REGISTRATION . . . Total cost is: $6,746.00."

DRB argues these notices do not adequately disclose the basis of the fees because they do not provide a "foundation, development, calculation, or explanation" of the fees, but the ordinance does not require a detailed calculation or explanation. The district court correctly reasoned, "The term 'basis for the costs' is most reasonably interpreted in this situation to mean a description of what the costs are for, not a thorough calculation of or justification for the [fee]." Notice of a special assessment is required to give the individual being assessed "an opportunity to question the validity of the amount of the assessment." Meadowbrook Manor, Inc. v. City of St. Louis Park, 104 N.W.2d 540, 543 (Minn. 1960). The phrase "vacant building registration" was sufficient to give DRB notice of the basis for the fee so DRB could determine the fee's validity and challenge the application of the fee at an administrative hearing.

## 2.     Existence of Deferment Procedures

When giving notice of its intent to assess a vacant building registration fee, the city must also "inform the owner of . . . the existence of any deferment procedure." M.C.O. § 227.100(d). Both the notices of intent to assess informed:

> Payment of this assessment may be deferred if the person homesteading the property can demonstrate a financial hardship and is 65 years of age or older or is retired due to permanent and total disability (Minnesota Statutes 435.193 to 435.195). For questions regarding deferment due to age and/or disability, call [the Minneapolis Senior Ombudsman at a given phone number].

-5-

DRB argues this language was insufficient because it did not disclose the circumstances under which the fee could be "waived or suspended," see id. § 249.80(j)(1) ("This fee may be waived or suspended for the current year as a term or condition of a written restoration agreement or order issued pursuant to section 249.50.").

Fundamental rules of statutory construction compel us to reject DRB's argument. "'[W]hen different words are used in the same context, we assume that the words have different meanings.'" State v. Nelson, 842 N.W.2d 433, 439 (Minn. 2014) (quoting Dereje v. State, 837 N.W.2d 714, 720 (Minn. 2013)); accord Johnson v. Paynesville Farmers Union Co-op. Oil Co., 817 N.W.2d 693, 709 (Minn. 2012). Here, the M.C.O. uses "defer" in some provisions, and "waiver" or "suspension" in others. Compare M.C.O. § 509.910 (describing "deferred payment agreements" entered into when an individual cannot pay utility bills), with id. § 447.150 (providing the city may "waive" a parade permit fee in the case of indigence), and id. § 249.80(j)(1). Given the M.C.O.'s differentiation between these terms, the waiver or suspension mentioned in § 249.80(j)(1) is not a "deferment procedure" necessitating disclosure under § 227.100(d).

The city gave proper notice of its intent to assess the vacant building registration fees. By failing to appeal its claims within thirty days after the assessment was levied, in compliance with Minn. Stat. § 429.081, DRB waived its substantive attacks on the fees.[4]

---

[4]DRB vaguely appears to argue the city lacked jurisdiction to assess the fees because the fees were unreasonable. Although clad as a jurisdictional issue, this is a substantive attack on the assessment that also must have been brought within the statutory thirty-day appeal period under § 429.081.

### B. Common Law Claims

DRB finally argues its common law claims of fraud, misrepresentation, and unjust enrichment[5] are not governed by the thirty-day appeal period in § 429.081 because they are "causes of action independent of the special assessment process," falling under Minnesota's general statute of limitations. Section 429.081 unequivocally states: "*All* objections to the assessment shall be deemed waived unless presented on such appeal. *This section provides the exclusive method of appeal from a special assessment*." (Emphasis added). The Minnesota Supreme Court has held the above-quoted language—which was added to the statute in 1978—"clarified legislative intent that there be no other avenue of contesting special assessments." Sievert v. City of Lakefield, 319 N.W.2d 43, 44 (Minn. 1982) (affirming the dismissal of the plaintiff's common law contract claims because they were not brought in accordance with § 429.081); accord Krahl v. Nine Mile Creek Watershed Dist., 283 N.W.2d 538, 545 (Minn. 1979). Although purportedly sounding in common law, each of DRB's claims challenge the validity and accuracy of the vacant building registration fee and, as such, are attacks on the special assessments governed by § 429.081's thirty-day appeal deadline.

### III. CONCLUSION

We affirm the decision of the district court.

---------------------------------------

---

[5]DRB also lists its constitutional taking claims as being exempt from § 429.081; however, DRB's brief focuses on the common law claims—specifically fraud, misrepresentation, and unjust enrichment. We do not expressly address the constitutional claims because DRB does not present any separate meaningful argument on the constitutional contentions. See, e.g., Dill v. Gen. Am. Life Ins. Co., 525 F.3d 612, 621 (8th Cir. 2008) (explaining an argument not clearly addressed "in [a party's] briefs or at oral argument" is waived on appeal).