*This opinion will be unpublished and*
*may not be cited except as provided by*
*Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0903**

State of Minnesota,
Respondent,

vs.

Steven Francis Martinez,
Appellant.

**Filed June 6, 2016**
**Affirmed**
**Peterson, Judge**

Ramsey County District Court
File No. 62-CR-12-4428

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Jesson, Presiding Judge; Peterson, Judge; and Kirk, Judge.

# U N P U B L I S H E D   O P I N I O N

**PETERSON**, Judge

        This appeal is from an order that denied appellant's postconviction petition to withdraw his guilty plea on the grounds that the plea was not voluntarily made. We affirm.

# FACTS

Appellant Steven Francis Martinez was charged with first-degree possession of a controlled substance and felon in possession of a firearm. While the case was pending in district court, the district court judge assigned to preside over appellant's trial recused himself from the case without stating a reason for the recusal, and further proceedings were scheduled to be heard by another judge.

Appellant brought a motion in which he requested "a substitution of Judge and disqualification of any member or former member of the Second Judicial District Bench from hearing or presiding" over the case. Appellant asserted that "[a]ny member or former member of the Second Judicial District Bench presiding over the matter is a violation of The Code of Judicial Conduct."

The chief judge of the district heard the disqualification motion and, at the hearing, set forth the factual grounds for the motion, stating:

> [Defense counsel is] referring to a letter. Let's get that out on the table right now. There is a document . . . that was brought to the attention of [the judge assigned to appellant's case]. It is a document prepared by someone other than [appellant], but it's a document that indicates that that person has information that [appellant] made a direct threat on [the assigned judge's] life. I'm reading right from the document. The document says that this person has information on a direct threat on [the assigned judge's] life by [appellant]. The letter also contains additional information. That is why when this letter was brought . . . to [the assigned judge's] attention, he recused himself.
>
> Now I will further indicate that that is the only information the Court has. I am aware that that document went to law enforcement for further investigation; and I believe you, [defense counsel] and [prosecutor], are aware of that. But there

2

have been no formal charges. There's been no action taken beyond receipt of this document and an investigation on the allegations in the document.

Defense counsel argued that the alleged threat made to the assigned judge called into question the impartiality of the entire judicial district bench, asserting that if one judge was threatened, the impartiality of any other district judge who is a peer and co-worker would be drawn into question. The chief judge denied the disqualification motion and explained in a memorandum that the court could not "conclude that another Second Judicial District judge's impartiality may reasonably be questioned when the alleged threat did not originate from [appellant], but rather from an unnamed informant, in an unsigned and undated letter, and the alleged threat was made only against one judge." Appellant did not challenge this adverse ruling.

Pursuant to a plea agreement, appellant entered a guilty plea to the felon-in-possession offense and an *Alford* plea to an amended charge of aiding and abetting second-degree controlled-substance offense.[1] The district court denied appellant's motion for a downward durational departure and imposed a 95-month guidelines sentence, which was the minimum sentence in the presumptive range, for the controlled-substance offense and a concurrent legislatively mandated 60-month sentence for the felon-in-possession offense.

---

[1] An *Alford* plea permits the defendant to plead guilty while maintaining his or her innocence when the court, based on its interrogation of the defendant and its analysis of the factual basis offered in support of the plea, reasonably concludes that the evidence would support a jury verdict of guilty and that the plea is voluntarily, knowingly, and understandingly entered. *See State v. Goulette,* 258 N.W.2d 758, 760 (Minn. 1977).

3

Appellant filed a direct appeal, and this court stayed the appeal to permit him to seek postconviction relief.

In a postconviction petition, appellant requested that the district court allow him to withdraw his guilty plea because the plea was not voluntarily made. He also requested an evidentiary hearing. In an affidavit supporting the petition, appellant stated:

> After we lost [the disqualification] motion, I was worried that I would not get a fair trial, and that I would receive a harsh sentence if I did go to trial and was convicted.

> I decided to plead guilty because I did not think I could get a fair trial from a Ramsey County District Court Judge.

Without holding an evidentiary hearing, the postconviction court denied appellant's petition. Appellant requested reconsideration and a hearing for argument on the initial petition and supplemented the record with the affidavit of the attorney who represented him when he pleaded guilty. The attorney stated in the affidavit:

> After [the chief judge] denied the [disqualification] motion, I had extensive conversations with [appellant] about what to do next. He and I both feared that [the threatened judge's] colleagues would believe that [appellant] had threatened [the judge]. The allegation of the threat created an appearance of impropriety. I discussed with [appellant] if he could receive a fair trial from judges who see and interact with [the threatened judge] on a regular basis. I do not believe that a judge could be impartial when faced with a defendant who has been alleged to have made a death threat against his or her colleague.

>           . . . .

> [Appellant] and I both agreed that he should plead guilty in order to avoid the risk of having a trial before a member of the Second Judicial District. A plea was necessary to avoid the sentencing Judge hearing the details and circumstances of the alleged death threat. At the time of his plea the prior plea offer

4

> was not available to [appellant].[2] [Appellant] pled guilty, because the allegation of the death threat created a situation where no member of the Second Judicial District bench could be fair and impartial.

The postconviction court denied the request for reconsideration. This appeal followed.

### D E C I S I O N

Appellate courts "review postconviction decisions under the abuse-of-discretion standard of review." *Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010). A postconviction court's legal determinations are reviewed de novo. *Bobo v. State*, 820 N.W.2d 511, 516 (Minn. 2012).

*Postconviction claim*

After sentencing, "the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Id*. Whether a plea is valid is a question of law subject to de novo review. *Id.*

Appellant argues that his plea was not voluntary. The voluntariness requirement ensures that the defendant does not plead guilty because of improper pressures. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). "[T]he government may not produce a plea

---

[2] Appellant's attorney stated earlier in his affidavit that "[i]n late July of 2013 the state extended an offer for 60-month concurrent sentences on both counts."

through actual or threatened physical harm, or by mental coercion 'overbearing the will of the defendant' . . . ." *State v. Ecker*, 524 N.W.2d 712, 719 (Minn. 1994) (quoting *Brady v. United States*, 397 U.S. 742, 750-51, 90 S. Ct. 1463, 1470 (1970)).  But "a defendant's motivation to avoid a more serious penalty or set of charges will not invalidate a guilty plea." *Id.*

Appellant argues that he "felt" coerced, but he cites no evidence that his will was overborne.  *See Raleigh*, 778 N.W.2d at 96 (rejecting claim that defendant pleaded guilty due to fear of receiving death penalty when defendant "offer[ed] no support in the record for [the] argument"); *Ecker*, 524 N.W.2d at 719 (rejecting defendant's assertion of pressure or coercion to plead guilty when no showing was made of mental coercion overbearing defendant's will); *State v. Abdisalan*, 661 N.W.2d 691, 694-95 (Minn. App. 2003) (rejecting claim that defendant was coerced to plead guilty even when defense counsel told defendant that "there was a 70% chance that he would be convicted," because decision to plead guilty remained with defendant), *review denied* (Minn. Aug. 19, 2003).

Appellant did not allege that he faced actual or threatened physical harm, mental coercion, or any other pressure that overbore his will and caused him to plead guilty. Appellant alleged that he pleaded guilty because he was worried that he would not get a fair trial and that he would receive a harsh sentence if he went to trial and was convicted. These allegations do not support a determination that appellant pleaded guilty because his will was overborne by improper pressure; they indicate that appellant decided to plead guilty based on his evaluation of the circumstances that he faced.  The district court did not abuse its discretion by denying the postconviction petition.

*Evidentiary hearing*

Appellant argues that he should have received an evidentiary hearing on his postconviction petition. "Unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition . . . ." Minn. Stat. § 590.04, subd. 1 (2014). The petitioner must allege "more than argumentative assertions without factual support" in order to receive an evidentiary hearing. *Ferguson v. State*, 645 N.W.2d 437, 446 (Minn. 2002) (quotation omitted); *see Morrissey v. State*, 286 Minn. 14, 16, 174 N.W.2d 131, 133-34 (1970) (stating that "postconviction procedures . . . do not comprehend that a petitioner may have a full evidentiary hearing on the basis of bald assertions"); *Davis v. State*, 784 N.W.2d 387, 391 (Minn. 2010) (requiring postconviction petition to include allegations that are not mere argumentative assertions without factual support).

Appellant failed to allege facts that, if true, would entitle him to postconviction relief. Appellant's allegation that he "did not think [he] could get a fair trial from a Ramsey County District Court Judge" was no more than an argumentative assertion without factual support. The postconviction court did not abuse its discretion by denying appellant an evidentiary hearing.

**Affirmed.**