*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1844**

DRB #24, LLC, on behalf of itself and other similarly
situated property owners in Minneapolis that have been
assessed vacant building registration fees in 2013,
Appellant,

vs.

City of Minneapolis,
Respondent.

**Filed July 18, 2016
Affirmed
Muehlberg, Judge\***

Hennepin County District Court
File No. 27-CV-13-21493

Michael Kemp, MET Law Group, PLLC, St. Paul, Minnesota (for appellant)

Susan L. Segal, Minneapolis City Attorney, Gregory P. Sautter, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Reilly, Judge; and

Muehlberg, Judge.

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**MUEHLBERG**, Judge

Appellant challenges the district court's grant of summary judgment to respondent on appellant's claims disputing certain vacant building registration (VBR) fees. Because the disputed fees were canceled when appellant's property was forfeited to the state, rendering the district court unable to grant appellant effective relief, we affirm.

## FACTS

Respondent City of Minneapolis imposes an annual VBR fee on owners of vacant buildings "to recover all costs incurred by the city for monitoring and regulating vacant buildings, including nuisance abatement, enforcement and administrative costs." Minneapolis, Minn., Code of Ordinances (MCO) § 249.80(j)(1) (2013). Respondent can levy and collect unpaid VBR fees as a special assessment against the affected properties under the procedures set forth in the MCO. *See id.* §§ 227.100, 249.80 (2013).

Appellant DRB #24, LLC formerly owned a vacant building located at 701 Newton Avenue North (the property). For several years, appellant failed to pay the VBR fees imposed, so the fees were levied as special assessments against the property. In May 2013, the property was sold at a tax-judgment sale due to unpaid taxes and assessments levied prior to 2013.[1] In December 2013, appellant commenced a lawsuit against respondent

---

[1] Appellant challenged the 2010 and 2011 VBR fees imposed and levied as special assessments. That action was removed to federal court. The federal district court granted summary judgment for the City of Minneapolis, *DRB No. 24, LLC v. City of Minneapolis*, 976 F. Supp. 2d 1079 (D. Minn. Sept. 30, 2013), and the Eighth Circuit affirmed, *DRB No. 24, LLC v. City of Minneapolis*, 774 F.3d 1185 (8th Cir. 2014). No portion of any of these fees and assessments were paid, nor did appellant attempt to pay the fees.

challenging the 2013 VBR fee. The complaint alleged that the 2013 VBR fee was invalid because it was erroneously calculated and imposed in violation of several state and federal constitutional and statutory provisions. Appellant asserted its claims on behalf of itself and other similarly situated property owners. No joinder requests were filed.

On August 6, 2014, the one-year redemption period from the date of the tax-judgment sale expired, and the property was forfeited to the state. Upon forfeiture, the special assessment levied for the disputed VBR fee was canceled by operation of law. Minn. Stat. § 282.07 (2014). Respondent filed a motion to dismiss the statutory special-assessment challenge. Respondent noted that the district court could only affirm or set aside an invalid assessment, Minn. Stat. § 429.081 (2014), and because the assessment was canceled, respondent argued that the district court lacked subject-matter jurisdiction because it could not grant appellant effective relief. Appellant opposed respondent's motion. Because both parties relied on matters outside the pleadings, the district court treated respondent's motion to dismiss as one for summary judgment. *See* Minn. R. Civ. P. 12.02. The district court agreed that it lacked subject-matter jurisdiction over the dispute, granted respondent summary judgment, and dismissed appellant's remaining claims with prejudice. This appeal follows.

## D E C I S I O N

In reviewing the district court's grant of summary judgment, we determine whether there are genuine issues of material fact and whether the district court properly applied the law. *Offerdahl v. Univ. of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn. 1988). There are no material facts in dispute, and the issues concern the interpretation of

Minnesota statutes and Minneapolis ordinances. The interpretation of a statute or ordinance involves a question of law, which we review de novo. *See 500, LLC v. City of Minneapolis*, 837 N.W.2d 287, 290 (Minn. 2013).

Appellant contends that the district court retained subject-matter jurisdiction over the statutory special-assessment challenge even after the assessment associated with the 2013 VBR fee was canceled. Appellant argues that the district court's ability to grant appellant effective relief is a function of mootness, not subject-matter jurisdiction. Appellant further asserts that it continues to be injured by the 2013 VBR fee, so the dispute is not moot. Alternatively, appellant argues that the collateral-consequences exception to the mootness doctrine applies. We agree that mootness provides the proper analytical framework for the issues presented but conclude that, contrary to appellant's assertions, the issues presented are indeed moot.[2] As such, the district court properly granted summary judgment in favor of respondent.

---

[2] We acknowledge that, because of the imprecise way "jurisdiction" has been used in prior caselaw, there is authority to support the conclusion reached by the district court. Subject-matter jurisdiction relates to a court's adjudicatory authority over a particular class of cases. *Citizens for Rule of Law v. Senate Comm. on Rules & Admin.*, 770 N.W.2d 169, 173 (Minn. App. 2009), *review denied* (Minn. Oct. 20, 2009). Minnesota district courts have subject-matter jurisdiction over most civil and criminal cases, with some exceptions. Minn. Const. art. VI, § 3 (designating original jurisdiction in the district courts). Recent opinions of our court and the Minnesota Supreme Court have both noted and cautioned against the misuse of the term "jurisdiction." *See, e.g.*, *In re Civil Commitment of Giem*, 742 N.W.2d 422, 427 n.6 (Minn. 2007); *McCullough & Sons, Inc. v. City of Vadnais Heights*, 868 N.W.2d 721, 724 n.1 (Minn. App. 2015), *review granted* (Minn. Oct. 20, 2015); *Citizens for Rule of Law*, 770 N.W.2d at 173; *Moore v. Moore*, 734 N.W.2d 285, 287 n.1 (Minn. App. 2007), *review denied* (Minn. Sept. 18, 2007). Because the key issue in this case is whether the district court could grant appellant relief, not whether the court generally has the authority to hear special assessment appeals, we conclude that the issues presented are more properly analyzed under the mootness doctrine.

"An appeal should be dismissed as moot when a decision on the merits is no longer necessary or an award of effective relief is no longer possible." *Dean v. City of Winona*, 868 N.W.2d 1, 5 (Minn. 2015). The mootness doctrine "is a flexible discretionary doctrine, not a mechanical rule that is invoked automatically." *Jasper v. Comm'r of Pub. Safety*, 642 N.W.2d 435, 439 (Minn. 2002). "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Dean*, 868 N.W.2d at 4–5 (quotation omitted). "[T]he doctrine requires 'a comparison between the relief demanded and the circumstances of the case at the time of decision in order to determine whether there is a live controversy that can be resolved.'" *Citizens for Rule of Law*, 770 N.W.2d at 175 (quoting *In re Application of Minnegasco*, 565 N.W.2d 706, 710 (Minn. 1997)).

Pursuant to Minn. Stat. § 429.081, if a landowner challenges a special assessment, "[t]he court shall either affirm the assessment or set it aside and order a reassessment as provided in section 429.071, subdivision 2." Minn. Stat. § 429.081 "provides the exclusive method of appeal from a special assessment levied pursuant to this chapter." The remedies a court may order are thus limited to affirming or setting aside a special assessment. *Id.*; *see also Buettner v. City of St. Cloud*, 277 N.W.2d 199, 205 (Minn. 1979) (concluding that the district court went "one step too far in ordering a reduction of the assessment rather than" ordering a reassessment). Special assessments are a purely statutory creation, and appellant's right to appeal the assessment must be strictly construed. *Greer v. City of Eagan*, 486 N.W.2d 470, 473 (Minn. App. 1992). Appellant no longer owns the property

5

and concedes that the disputed assessment was canceled by operation of law upon forfeiture. Minn. Stat. § 282.07. Therefore, the district court was unable to grant appellant relief because it could neither affirm nor set aside a non-existent assessment.

Appellant first argues that the case is not moot because it continues to be injured by the 2013 VBR fee. In particular, appellant notes that, if it would have opted to repurchase the property, it would have had to pay any unpaid special assessments.[3] *See* Minn. Stat. §§ 282.241, .251 (2014). If appellant had repurchased the property during the one-year period following forfeiture, any special assessments canceled because of the forfeiture would have been reinstated. *Id.* But appellant did not repurchase the property during the repurchase period, nor did appellant demonstrate that it was capable of repurchasing the property. Thus, appellant's claim that it continues to be injured by the disputed assessment is theoretical and unpersuasive.[4]

Appellant next argues that the collateral-consequences exception to the mootness doctrine applies. Appellant asserts that the present litigation could impact the other property owners on whom VBR fees were imposed in 2013 and could further affect a significant number of property owners that it contends have been improperly charged VBR

---

[3] Following the tax-judgment sale, there was a one-year period during which appellant could have redeemed the property. Minn. Stat. § 281.17 (2014). Following the redemption period, there was an additional one-year repurchase period when, with the approval of the board of county commissioners, appellant could have repurchased the property. Minn. Stat. § 282.241, subd. 1.

[4] Appellant further notes that respondent has the authority to reassess a canceled assessment under Minn. Stat. § 429.071, subd. 4 (2014). But any reassessment would be subject to the procedural protections in the statute, MCO §§ 227.100, 249.80, and appellant would have the opportunity to contest the assessment upon reassessment. Minn. Stat. § 429.081. The special assessment is not simply reinstated, as it is with repurchase. Minn. Stat. § 282.251.

fees since the inception of the VBR program.  The special-assessment challenge was never certified as a class action.  But even if a class had been certified, we would nevertheless conclude that appellant's argument lacks merit.

"Where an appellant produces evidence that collateral consequences actually resulted from a judgment, the appeal is not moot." *In re McCaskill*, 603 N.W.2d 326, 329 (Minn. 1999).  To fall under the collateral-consequences doctrine, there must be evidence showing that adverse collateral legal consequences have resulted or can be presumed to result from dismissal of the case.  *Id.*  We presume such consequences exist "if real and substantial disabilities attach to a judgment." *Id.* (quotation omitted).

First, any impact of this dispute relating to 2013 VBR fees is a direct, not collateral, consequence of the present litigation.  *Cf. id.* at 331 (discussing the collateral consequences of civil commitment); *Morrissey v. State*, 286 Minn. 14, 16, 174 N.W.2d 131, 133 (1970) (discussing the collateral consequences of a criminal conviction); *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98 (Minn. App. 2009) (discussing the collateral consequences of OFP on divorce proceedings).  Second, there is no indication that the present litigation would have an impact on VBR fees assessed in any year other than 2013.  *See* Minn. Stat. § 429.081 (limiting remedies to court affirming one assessment or setting it aside and ordering a reassessment).  Finally, the cases appellant cites in support of its position are limited to the particular facts of those cases, involving teacher employment disputes, and therefore are not helpful to our analysis here.  *Christopher v. Windom Area School Bd.*, 781 N.W.2d 904, 912 (Minn. App. 2010) (rejecting school board's mootness argument because case could give guidance to school boards when modifying teacher job duties not protected by

7

contract in the future), *review denied* (Minn. June 29, 2010); *Falgren v. State, Bd. of Teaching*, 545 N.W.2d 901, 903 (Minn. 1996) (addressing the issues presented on the merits, even though teacher died during the pendency of the appeal, by applying the wrongs-capable-of-repetition-yet-evading-review exception to the mootness doctrine); *Star Tribune v. Bd. of Educ., Special Sch. Dist. No. 1*, 507 N.W.2d 869, 871 (Minn. App. 1993) (noting that the district court's order "goes beyond the immediate case because it affects the school board's performance of future public duties"); *review denied* (Minn. Dec. 22, 1993).

In sum, we conclude that appellant's claims became moot when its property was forfeited to the state and the disputed special assessment was canceled, the collateral-consequences exception to the mootness doctrine does not apply, and the district court correctly granted respondent's motion for summary judgment. Because we conclude that appellant's claims are moot, we need not address appellant's remaining arguments.

**Affirmed.**