*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0462**

Joel Marvin Munt, petitioner,
Appellant,

vs.

Michelle Smith,
Warden, MCF-OPH,
Respondent.

**Filed December 5, 2016
Affirmed
Ross, Judge**

Washington County District Court
File No. 82-CV-15-3798

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Joel Marvin Munt, Bayport, Minnesota (pro se appellant)

Considered and decided by Connolly, Presiding Judge; Worke, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

While serving his life-without-parole prison sentence for shooting his wife four times in the head in front of their three young children, Joel Munt spent 30 days in segregated confinement for angrily confronting an education employee in the prison's law

library. Munt filed a habeas corpus petition after his release from segregation, asserting that he was innocent of the offense, that the disorderly-conduct prison regulation violated his constitutional rights, and that the disciplinary procedure was unconstitutional. The district court denied his petition, and Munt appeals. Because Munt is no longer in segregated confinement and his discipline does not affect his length of incarceration, a writ of habeas corpus affords him no meaningful relief, and we affirm.

## FACTS

Munt is serving a life sentence without the possibility of parole. A department of corrections worker in the education unit reported that Munt shouted angrily at her during a conversation she had with him in the Oak Park Heights prison library. A prison official charged Munt with violating a prison rule against disorderly conduct. A hearing officer found Munt guilty after considering the worker's report and Munt's testimony in his own defense. The officer assigned Munt to 30 days in segregated confinement. The associate warden upheld the decision.

Munt completed his disciplinary confinement and later petitioned for habeas corpus, asking the district court to overturn the discipline. The state moved to dismiss, arguing that Munt was entitled to no remedy under habeas corpus. The district court denied Munt's petition, essentially deeming the petition moot. The court reasoned that Munt could not receive any relief under the habeas statute because the statute covers only challenges to extant detention. Munt appeals.

**D E C I S I O N**

Munt asserts that the district court erred by denying his habeas corpus petition. The privilege of filing a writ of habeas corpus is guaranteed by the state constitution. Minn. Const. art. I, § 7. The legislature has fulfilled that guarantee by enacting a statute that provides a habeas remedy. *See* Minn. Stat. §§ 589.01–.35 (2014). Section 589.01 allows an inmate to petition for "relief from imprisonment or restraint." To obtain habeas relief, a petitioner must allege that his detention either exceeds the detaining authority's jurisdiction or violates his rights. *Beaulieu v. Minnesota Dep't of Human Servs.*, 798 N.W.2d 542, 548 (Minn. App. 2011), *aff'd*, 825 N.W.2d 716 (Minn. 2013). The petitioner bears the burden of showing that his detention is illegal. *Breeding v. Swenson*, 240 Minn. 93, 97, 60 N.W.2d 4, 7 (1953).

On appeal, a district court's findings in support of its denial of a petition for a writ of habeas corpus are entitled to great weight and will be upheld if reasonably supported by the evidence. *Aziz v. Fabian*, 791 N.W.2d 567, 569 (Minn. App. 2010). Questions of law bearing on a habeas petition are reviewed de novo. *Id.*

Munt challenges the district court's decision that his petition is moot. Whether a cause of action is also moot is a question of law that we review de novo. *In re Risk Level Determination of J.V.*, 741 N.W.2d 612, 614 (Minn. App. 2007), *review denied* (Minn. Feb. 19, 2008). The district court will generally dismiss a claim as moot if the court cannot grant effective relief. *In re Schmidt*, 443 N.W.2d 824, 826 (Minn. 1989). Habeas corpus is the avenue of relief if the petitioner seeks his immediate release from custody. *Rud v. Fabian*, 743 N.W.2d 295, 305 (Minn. App. 2007), *review denied* (Minn. Mar. 26, 2008);

3

*see also Sanders v. State*, 400 N.W.2d 175, 177 (Minn. App. 1987) (upholding denial of habeas corpus when inmate sought temporary release without first exhausting administrative procedures), *review denied* (Minn. Apr. 17, 1987). The habeas statute does not authorize any other relief. *Rud*, 743 N.W.2d at 304. Munt does not seek immediate release from confinement; he instead seeks reversal of the prison's disciplinary decision that resulted in the segregated confinement he has already served. His request therefore exceeds the relief available through habeas corpus.

Munt suggests that a mootness exception applies. He contends that, despite his release from segregation, he will suffer collateral effects because the violation's presence on his record will count against him in future administrative charges. An appeal is not moot when collateral consequences attach to the judgment. *In re McCaskill*, 603 N.W.2d 326, 327 (Minn. 1999). To meet this exception, an appellant must show that collateral consequences actually resulted from a judgment. *Id.* at 329. Collateral consequences are presumed if real and substantial harm, such as an order for civil commitment or a criminal conviction, attaches to a judgment. *Id.*; *see also Morrissey v. State*, 286 Minn. 14, 16, 174 N.W.2d 131, 133 (1970). The disciplinary decision here does not apparently include collateral consequences like these. Munt is therefore not entitled to the presumption. And he fails to identify any real collateral consequences. He offers only his unsupported and vague speculation that the violation might affect his life in prison. He points to no prison rule or policy establishing that his violation will count against him later. The collateral-consequences exception therefore does not apply. And even if it did, the relief Munt requests (for the court to "declare [the rule he violated] unconstitutional, vacate the

4

disciplinary conviction, expunge it from [his] record, find [his] due process [rights were] violated and that the discipline was retaliatory, rule the disciplinary proceedings unconstitutional, rule administrative law unconstitutional, and more") far exceeds the scope of relief available in a habeas proceeding.

Munt argues that his habeas petition qualifies for another mootness exception "due to the naturally short nature of [segregated-confinement] time and the likelihood of the unconstitutional actions being repeated." He is correct in implying that an exception to the mootness doctrine applies to issues capable of repetition but evading review. *See Schmidt*, 443 N.W.2d at 826. But the exception cannot revive a dispute that was already moot when the action commenced. *State ex rel. Sviggum v. Hanson*, 732 N.W.2d 312, 322 (Minn. App. 2007). Munt had been released from segregation for at least a month before he filed his petition. His habeas petition was therefore moot before it was filed, and the capable-of-repetition exception is not available.

Munt contends finally that his case is not moot because federal law requires a favorable termination of his disciplinary "conviction" before he can seek damages or injunctive relief under federal law. *See Heck v. Humphrey*, 512 U.S. 477, 487–89, 114 S. Ct. 2364, 2372–73 (1994). The general *Heck* rule does not apply categorically to all suits challenging prison disciplinary proceedings. *See Muhammad v. Close*, 540 U.S. 749, 754, 124 S. Ct. 1303, 1306 (2004). It applies only to claims that implicate the validity of the prisoner's underlying *conviction*. *Id.* Munt is not challenging his first-degree murder conviction. The *Heck* rule does not apply.

In sum, because Munt has returned from punishment to the general prison population under his lawful sentence and he is no longer segregated, there is no unlawful confinement from which his punishment-contesting habeas petition can afford him relief. The district court properly denied it. Munt includes 12 other issues in this appeal. He claims that the district court erred by denying or disregarding many of his other theories, including retaliatory discipline, hearing-officer bias, violation of due process, violation of the First Amendment, denial of his access to the courts, and mischaracterization of the facts, among others. Our mootness decision precludes these issues.

**Affirmed.**